UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-7-DLB

JONATHAN MASON                                                        PETITIONER

v.                      **MEMORANDUM OPINION AND ORDER**

CHRISTOPHER ENTZEL, WARDEN                        RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner has filed a habeas corpus petition challenging the Bureau of Prisons' decision to deny him credits under the First Step Act of 2018 (FSA). (Doc. # 1). For the reasons that follows, his habeas petition will be denied.

In April 2022, Jonathan Mason signed a plea declaration to settle criminal charges arising from his alleged participation in a conspiracy to traffic in heroin, fentanyl, cocaine, and marijuana in Chicago, Illinois. *See United States v. Mason*, No. 1: 18-CR-157-1 (N.D. Ill. 2018) (Doc. # 900 therein). Mason agreed to plead guilty to three counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and 846. *See id*. at 1.

At his sentencing hearing, Mason challenged the government's position that he played a leadership role in the conspiracy. *See* (Doc. # 1046 therein at 60-71). However, the trial judge overruled his objection, concluded that he had played such a role, and applied a four-level enhancement to his offense level pursuant to U.S.S.G. § 3B1.1(a). *See* (Doc. # 1047 therein at 9-11). The trial court imposed a 168-month sentence. *See*

1

*id*. at 38; (Doc. # 1036 therein). The Seventh Circuit affirmed the district court's conclusion on direct appeal. *See* (Doc. # 1097 therein). The trial court entered an amended judgment in March 2025 to correct a minor clerical error. *See* (Doc. # 1117 therein).

Unfortunately for Mason, his leadership role not only lengthened his sentence, but also reduced his opportunities to shorten it. The FSA permits most federal prisoners to earn credit against their sentence by participating in approved "evidence-based recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4)(A). But that option is unavailable to prisoners convicted of any one of 68 enumerated offenses. Section 3632(d)(4)(D) ("A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law …"). Mason's two convictions for distributing 100 grams or more of heroin are disqualifying because "the sentencing court [found] that [Mason] was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission." 18 U.S.C. § 3632(d)(4)(D)(lxv).

Mason resists this conclusion, arguing that "[a]t sentencing, the court grouped the offenses and determined the sentence on the basis of the conspiracy count …" (Doc. # 1 at 5). His conclusion is incorrect: a federal criminal sentence is based upon all offenses of conviction, the underlying offense conduct, pertinent aggravating and mitigating circumstances, and application of applicable sentencing factors. 18 U.S.C. § 3553(a). And the grouping of multiple offenses for purposes of sentencing under U.S.S.G. § 3D1.1,

if warranted, does not cause the separate counts of conviction to merge into a single offense.

Mason cites to two court decisions to support his argument, but in truth they undermine his position. In *Jones v. Garza*, the petitioner pleaded guilty to only one offense: conspiracy to traffic in heroin under Section 846. He was not convicted of any substantive distribution charges under Section 841. *Jones*, No. 4:22-CV-00764-SL, 2023 WL 3354135, at *1 (N.D. Ohio Apr. 18, 2023), *report and recommendation adopted*, 2023 WL 3340637 (N.D. Ohio May 10, 2023). Jones sought habeas corpus relief after the warden determined he was ineligible for FSA credits. *See id*. at 3. But the warden's decision was based upon his mistaken belief that Jones had been convicted under **both** Section 841 and 846. *See id*. ("So [the warden] thought that Jones was guilty of the distribution that was the object of the conspiracy and that Jones's guilt of that offense made Jones ineligible. As I've noted, however, [the warden] was mistaken."). The court concluded that the exclusion for FSA eligibility under Section 3632(d)(4)(D)(lxvii) did not apply only because Jones was not convicted under Section 841. *See id*. at 4-5. The *Jones* court also rejected the very argument Mason makes here:

> As one court has remarked, Congress's inclusion of 68 categories of ineligible convictions while omitting Section 846 convictions neither "signal[s] an intent to disqualify individuals convicted under that statute ..., nor does it even create an ambiguity as to that statute." *Id*. Moreover, "if Congress [had] intended to exclude prisoners who [are] *serving a sentence imposed under*" Section 841, rather than those who are "*serving a sentence for a conviction under*" Section 841, "it could have excluded the phrase 'for a conviction [under]' " from the statute." *Id*. (emphasis added). But Congress didn't do that; it chose to employ the phrase *for a conviction under*, not *serving a sentence under*.

*Id*. at *5 (*citing Turner v. Keyes*, No. 22-CV-321-WMC, 2022 WL 17338577, at *3 (W.D. Wis. Nov. 30, 2022)).

3

The other decision cited by Mason leads to the same conclusion. *See Noe v. True*, No. 21-1373, 2022 WL 5080196, at *10 (10th Cir. Oct. 5, 2022) ("Noe's judgment indicates that he was convicted of conspiracy. The decision affirming that conviction stated that his conviction was for conspiracy to distribute methamphetamine. Neither record indicates that Noe was convicted of a substantive offense under § 841(b)(1)(A). The law is well settled that commission of a substantive offense and a conspiracy to commit it are separate crimes. This is true as to §§ 841 and 846.") (cleaned up).

Here, in addition to his conspiracy conviction under Section 846, Mason was convicted of three substantive distribution charges under Section 841. Under such circumstances a prisoner is ineligible to earn FSA credits pursuant to Section 3632(d)(4)(D)(lxv) where the sentencing court has applied a role enhancement. *See, e.g., Samoiloff v. Stover*, 733 F.Supp.3d 68, 71-72 (D. Conn. 2024); *Johnson v. LSCI-Allenwood Warden*, 2023 WL 8791172, at *2-3 (M.D. Penn. Dec. 19, 2023). The petition must therefore be denied.

Accordingly, it is **ORDERED** as follows:

1. Mason's habeas corpus petition (Doc. # 1) is **DENIED**.
2. This action is **STRICKEN** from the docket.

This 24th day of October, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Mason 0 25-07-DLB Memorandum.docx